## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## (PHILADELPHIA)

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **Christopher J Cannon** | **CASE NO.: 23-13032-djb** |
| **Debtor** | |

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

It is hereby stipulated by and between Hill Wallack, LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2 (**"Movant"**), and Brad J. Sadek, Esquire, counsel for the Debtor, as follows:

1.    The Automatic Stay as provided by **Section 362** and **1301** of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.    The Stipulation pertains to the property located at **3369 Woodland Circle, Huntingdon Valley, Pennsylvania 19006** (the **"Property"**).

3.    The Debtor currently has a post-petition arrearage of **$11,993.62** representing the monthly payments due on the First Mortgage from **December 1, 2024** through **May 1, 2025** (6 months @ $2,088.77/mo.) minus **$2,088.00** in suspense and Attorney's Fees and Cost in the amount of $**1,350.00** plus **$199.00**.

4.    Debtor is to file an Amended Chapter 13 Plan within **thirty (30) days** of this Stipulation incorporating the post-petition arrears in the amount of **$11,993.62** to the pre-petition arrears in the amount of **$0.00** per the Amended Proof of Claim filed **May 24, 2024** for a total of **$11,993.62** to be cured over the life of the Plan.

5.      Beginning **June 1, 2025**, Debtor shall commence payment of the regular monthly payment in the amount of **$2,088.77**, subject to adjustment on proper notice.

6.      Should the Debtor fail to make any of the Post-Petition Monthly Payments when due or file the amended Plan within **thirty (30) days** from the entry of the Order on this Stipulation, then Movant shall send Debtor and counsel a written Notice of Default of this Stipulation.  If the default is not cured within **fifteen (15) days** of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor Stay waiving **FED. R. Bankr. P. 3002.1** and waiving **Rule 4001 (a)(3)** so that the Relief Order is immediately effective and enforceable.

7.      In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within **ten (10)** days from the date of conversion in order to bring the loan contractually current.  Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation.  If the default is not cured within **ten (10)** days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor Stay waiving **FED. R. Bankr. P. 3002.1** and waiving **Rule 4001 (a)(3)** so that the Relief Order is immediately effective and enforceable.

8.      Debtor tendering a check to Movant, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

9.      The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

10.  The parties agree that a facsimile signature shall be considered an original signature.


/s/Andrew L. Unterlack
Andrew L. Unterlack, Esq.
Counsel for Movant


/s/Brad J. Sadek
Brad J. Sadek, Esq.
Counsel for Debtor

**NO OBJECTION – WITHOUT PREJUDICE TO ANY TRUSTEE
RIGHTS OR REMEDIES**

/s/ LeeAne O. Huggins
LeeAne O. Huggins, Esq.
For Kenneth E. West,
Chapter 13 Trustee